IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM SCOTT REYNOLDS, JR.,     :
                                    :
                 Plaintiff,     :          CIVIL ACTION NO. 18-2351
                                      :
     v.                          :
                                      :
CORPORAL RICHARD W. ASTON,     :
Lower Providence Police Dept., OFFICER     :
CHARLES J. MURRAY, Lower Providence     :
Police Dept., OFFICER ROBERT HEIM,     :
Lower Providence Police Dept.,     :
                                      :
             Defendants.     :

**<u>MEMORANDUM OPINION</u>**

Smith, J.                                                     September 6, 2018

      The *pro se* plaintiff has commenced this action against three police officers based on allegations that they should not have arrested him for domestic assault. He claims that although the female victim appeared before the police with heavy bruising and a black eye, the police lacked probable cause that he had abused her. He appears to assert claims for false arrest and false imprisonment under 42 U.S.C. § 1983 against the defendants and a state-law defamation claim against one of the officers for lying about him to his mother, the District Attorney, and the officer's supervisor.

      The defendants have moved to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure because (1) *Heck v. Humphrey*, 512 U.S. 477 (1994) bars the claims, and (2) Reynolds cannot assert a claim for defamation because the officer's statements about the plaintiff assaulting the victim were true insofar as the plaintiff pleaded guilty to simple assault. Despite the passage of more than a month, the plaintiff has not responded to the motion to dismiss. In any event, as discussed below, the court agrees with the defendants that *Heck* bars

the plaintiff's section 1983 claims. As this disposition terminates the only federal claim in the case, the court declines to exercise supplemental jurisdiction over the state-law defamation claim.

## I.     ALLEGATIONS AND PROCEDURAL HISTORY

The *pro se* plaintiff, William Scott Reynolds, Jr. ("Reynolds"), commenced this action by filing an application for leave to proceed *in forma pauperis* and a proposed complaint against the defendants, Corporal Richard W. Aston, Officer Charles J. Murray, and Officer Robert Heim, on May 31, 2018. Doc. Nos. 1, 2. Reynolds alleges that the three defendants are police officers with the Lower Providence Police Department. *See* Compl. at 1.

It appears that at 1:00 p.m. on July 3, 2016, Kelly L. Garvey ("Garvey") accused Reynolds of domestic assault. *See* Compl. at 3, Doc. No. 2. Officers who responded to the call (it appears that the officers could have been Officers Heim and Murray) interviewed Reynolds and Garvey and determined that the dispute was limited to a verbal dispute as Garvey showed no signs of physical injury.[1]   *Id.*   At approximately 7:30 p.m., Garvey returned to the Lower Providence Police Department, changed her statement, and she apparently had heavy bruising and a black eye. *Id.* Reynolds asserts that he did not see Garvey between 1:00 p.m. and 7:30 p.m. and did not make contact with her. *Id.* Nonetheless, and despite Officers Heim and Murray being present at the prior interview where they determined that a physical assault did not occur, Corporal Aston arrested Reynolds for domestic assault at 1:30 a.m. on July 4, 2016. *Id.*

Reynolds appears to allege that Corporal Aston unlawfully arrested him, and Officers Murray and Heim failed to prevent the arrest despite acquiring the information about a lack of

---

[1] The allegations appear to reference a 3:30 interview on July 3rd, during which Officers Heim and Murray spoke to the victim and Corporal Aston. *See* Compl. at 3.

evidence of physical assault earlier that day. *Id.* He further alleges that Corporal Aston defamed him to his mother, the District Attorney, and his supervisor. *Id.* at 4.

Reynolds alleges that due to his arrest, he spent five months and ten days in prison. *Id.* He also suffered mental health injuries, cognitive impairment, and post-traumatic stress disorder, and he had to seek counseling and take psychiatric medication. *Id.* He further alleges that he lost his father, lost his job, was kicked out of his home, and lost all of his "worldly possessions." *Id.* For relief, Reynolds seeks to have the defendants removed from the Lower Providence Police Department and a million dollars in damages. *Id.*

The defendants filed a motion to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure on July 24, 2018. Doc. No. 12. Despite the plaintiff having had until August 7, 2018, to file a response to the motion, and until August 14, 2018, to file an amended complaint, Reynolds has not submitted any document in response to the motion and has not sought an extension of time to file such a document. *See* Fed. R. Civ. P. 15(a)(1)(B) (allowing a party to amend a pleading "21 days after service of a motion under Rule 12(b)"); E.D. Pa. Loc. Civ. R. 7.1(c) ("Unless the Court directs otherwise, any party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief."). The motion to dismiss is ripe for disposition.[2]

---

[2] The court recognizes that Local Rule of Civil Procedure 7.1(c) permits the court to grant a motion as uncontested if the opposing party fails to file a timely response. *See* E.D. Pa. Loc. Civ. R. 7.1(c) ("In the absence of timely response, the motion may be granted as uncontested except as provided under Fed.R.Civ.P. 56."). Nonetheless, the Third Circuit has instructed that "a complaint should not be 'dismissed solely on the basis of the local rule without any analysis of whether the complaint failed to state a claim upon which relief can be granted, as provided in Fed.R.Civ.P. 12(b)(6).'" *Abdullah v. Small Bus. Banking Dep't of Bank of Am.*, 628 F. App'x 83, 84 (3d Cir. 2016) (quoting *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991)). As such, the court will address the merits of the instant motion to dismiss under Rule 12(b)(6).

## II.    DISCUSSION

It appears from the complaint that Reynolds is asserting claims for false arrest and false imprisonment under 42 U.S.C. § 1983 against the defendants and an additional defamation claim against Corporal Aston.[3]  In the motion to dismiss, the defendants contend that the court should dismiss the section 1983 claim under *Heck v. Humphrey*, 512 U.S. 477 (1994).  *See* Mem. of Law in Supp. of Defs.' Mot. to Dismiss Pl.'s Compl. Pursuant to F.R.C.P. 12(b)(6) ("Mem.") at 3-4, Doc. No. 12.  The defendants also argue that the court should dismiss the defamation claim because even if Reynolds established the elements of the claim, he pleaded guilty to assaulting the victim, so Corporal Aston's statements were true.  *Id.* at 7.

As explained below, the court agrees with the defendants that *Heck* bars the instant section 1983 claim, but the court will not address the defamation claim because there is no indication that there is an independent basis of federal jurisdiction over this claim and the court declines to exercise supplemental jurisdiction over it.

### A.    Standard of Review – Motion to Dismiss Under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint or a portion of a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests "the sufficiency of the allegations contained in the complaint."  *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.

---

[3] As Reynolds does not specify the precise constitutional claims he is seeking to assert in this case, the court has interpreted his claims as being false arrest and false imprisonment claims.  It does not appear that Reynolds is asserting a malicious prosecution claim and, even if he was, he has not pleaded the essential elements of this claim. To bring a section 1983 claim for malicious prosecution under the Fourth Amendment, a plaintiff must allege that: "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007) (citation omitted).  Reynolds has not alleged the elements of a malicious prosecution claim (nor could he) because there is no allegation that the underlying criminal proceeding ended in his favor.

1993) (citation omitted). As the moving party, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

In general, a complaint is legally sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The touchstone of [this] pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Although Rule 8(a)(2) does "not require heightened fact pleading of specifics," it does require the recitation of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In other words, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quotation omitted). Ultimately, a complaint must contain facts sufficient to nudge any claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Because the plaintiff is proceeding *pro se*, the court must liberally construe the allegations in the complaint. *See Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (explaining that courts must liberally construe *pro se* complaints and "apply the applicable law, irrespective of whether [the] litigant has mentioned it by name"). Although the court must accept as true the factual allegations in the complaint, the court need not do so with conclusory allegations of law. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, the court may consider "only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

## B.    Analysis

Regarding the section 1983 claim for false arrest and false imprisonment, these claims

> are "nearly identical claims," and courts often analyze the claims together. *Brockington v. City of Phila.*, 354 F. Supp. 2d 563, 570 n.8 (E.D. Pa. 2005). False arrest is "grounded in the Fourth Amendment's guarantee against unreasonable seizures," *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995), where false imprisonment is based upon the Fourth Amendment's prohibition against deprivation of liberty without due process of law, *Baker v. McCollan*, 443 U.S. 137, 145 (1979). "Claims of both false arrest and false imprisonment are predicated on an arrest made without probable cause in violation of the Fourth Amendment." *Quinn v. Cintron*, No. 11–2471, 2013 WL 5508667, at *3, 2013 U.S. Dist. LEXIS 143682, at *9 (E.D. Pa. Oct. 3, 2013) (citing *Baker*, 443 U.S. at 145, 99 S.Ct. 2689, *Groman*, 47 F.3d at 636).

*Wilson v. Dewees*, 977 F. Supp. 2d 449, 455 (E.D. Pa. 2013). To bring a section 1983 claim for either false arrest or false imprisonment under the Fourth Amendment, a plaintiff must show: "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citation omitted); *see also Wilson*, 977 F. Supp. 2d at 455-56 (E.D. Pa. 2013) (setting forth elements for claims).

As indicated above, the defendants claim that *Heck* bars Reynolds's false arrest and false imprisonment claims. "Under *Heck*, a § 1983 action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Giles v. Davis*, 427 F.3d 197, 208-09 (3d Cir. 2005); *see Heck*, 512 U.S. at 486-87 ("[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."). The rule set forth in *Heck* applies if "success in [the]

action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2006).

The court recognizes that "*Heck* does not automatically bar [a plaintiff's] claims of false arrest and false imprisonment." *Olick v. Pennsylvania*, -- F. App'x --, 2018 WL 303387, at *3 (3d Cir. June 19, 2018) (citation omitted); *see Montgomery v. De Simone*, 159 F.3d 120, 126 n.5 (3d Cir. 1998) (stating that "claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in *Heck* which necessarily implicate the validity of a conviction or sentence"). Nonetheless, "there are circumstances in which *Heck* may bar such claims." *Olick*, 2018 WL 303387, at *3 (citations omitted). In this regard, "to prevail on [the] false arrest and false imprisonment claims, [a plaintiff] would have to do so in a way that respected the validity of the extant [underlying] conviction." *Id.* (citation omitted).

Here, while Reynolds acknowledges that the police arrested him for assaulting Garvey and he spent 5 months and 10 days in prison for this offense, he does not mention anything else about the underlying criminal process. *See* Compl. at 3, 4. Along with the motion to dismiss, the defendants have attached the publicly available docket sheet for Reynolds's underlying criminal matter in the Court of Common Pleas of Montgomery County.[4] *See* Mem. at Ex. B. This document shows that the Commonwealth of Pennsylvania charged Reynolds with (1) two counts of simple assault, 18 Pa. C.S. § 2701(a)(1), (a)(3), (2) one count of harassment, 18 Pa.

---

[4] Along with the allegations in a complaint, a court "can consider a document *integral to or explicitly relied upon* in the complaint," and "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) (emphasis in original) (internal quotation marks omitted). The court may consider public records such as a criminal docket. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 982 F.2d 1192, 1197 (3d Cir. 1993) (explaining that matters of public record court may consider when resolving motion to dismiss "include criminal case dispositions such as convictions or mistrials"); *see also Donahue v. Dauphin Cty.*, Civil Action No. 1:17-cv-1084, 2017 WL 3405112, at *1, n.1 (M.D. Pa. June 27, 2017) ("This publicly available state criminal docket, available online . . ., is a public record of which the Court may take judicial notice in considering dismissal for failure to state a claim." (citations omitted)); *Pearson v. Krasley*, Civil Action No. 16-66, 2017 WL 2021061, at *1 (E.D. Pa. May 11, 2017) ("A court may also consider public records such as criminal dockets.").

C.S. § 2709(a)(1), and (3) one count of criminal mischief, 18 Pa. C.S. § 3304(a)(1). *See id.* The docket sheet also shows that Reynolds pleaded guilty to simple assault on May 30, 2017, and he received a sentence of a minimum of six months to a maximum of 23 months incarceration on June 12, 2017.[5] *See id.* There is no indication on the docket sheet that Reynolds's conviction has been overturned or vacated, but it does appear that he is prosecuting a petition for collateral relief under Pennsylvania's Post Conviction Relief Act. *See id.* To date, that matter remains pending in the Court of Common Pleas. *See id.*

As in *Olick*, the crime of simple of assault does not have an element relating to a lawful arrest.[6] *See Olick*, 2018 WL 3038387, at *4 (explaining that crime of harassment did not have element relating to lawful arrest). Thus, the court "could, at least as an academic exercise imagine a circumstance" in which Corporal Aston lacked probable cause to arrest Reynolds, and "yet [Reynolds's] conviction was nevertheless obtained as a result of other independent evidence (that was not before the officer at the time of the arrest)." *Id.* Nonetheless, also similar to *Olick*, Reynolds has not alleged anything like this; instead, he claims that he did not physically assault Garvey even though she appeared at the police station with heavy bruising and a black eye. *See* Compl. at 3. Therefore, if the court was to accept the claims asserted in the complaint, and if Reynolds prevailed on the false arrest and false imprisonment claims, "it would therefore necessarily imply the invalidity of the state court fact finding and, under the circumstances of this case," his simple assault conviction.[7] *Olick*, 2018 WL 3038387 at *4. Accordingly,

---

[5] The Commonwealth *nolle prossed* the remaining charges. *See* Mem. at Ex. B.

[6] None of the offenses for which Reynolds was charged contained such an element.

[7] The fact that Reynolds pleaded guilty to simple assault and the Commonwealth *nolle prossed* the remaining three charges does not affect the determination here because "his guilty plea inherently included an acknowledgement that probable cause existed to arrest him for <u>some</u> offense." *See Fields v. City of Pittsburgh*, 714 F. App'x 137, 140 (3d Cir. 2017) (addressing issue with plea to lesser included offenses).

dismissal of the false arrest and false imprisonment claims is appropriate and the court will not provide the plaintiff with leave to amend because doing so would be futile.[8]

As the aforementioned dismissal of the section 1983 claims resolves the only federal claims in this case, there is an issue now because only the state-law defamation claim remains. In circumstances where a district court is exercising supplemental jurisdiction over state law claims, the court

> "may decline to exercise supplemental jurisdiction" if the court "has dismissed all claims over which it has original jurisdiction." [28 U.S.C.] § 1367(c)(3). . . . [I]n most cases, pendent state law claims should be dismissed without prejudice "where the claim over which the district court has original jurisdiction is dismissed before trial." *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). On the other hand, "[w]here the original federal jurisdiction claim is proceeding to trial … considerations [of judicial economy, convenience, and fairness to the parties] will normally counsel an exercise of district court jurisdiction over state claims based on the same nucleus of operative facts." *Id.*

*Cindrich v. Fisher*, 341 F. App'x 780, 789 (3d Cir. 2009) (per curiam).

Here, there is no independent basis to conclude that the court has subject-matter jurisdiction over the state-law defamation claim as Reynolds does not allege that the parties are completely diverse. As this matter is in the early stages, the court declines to exercise supplemental jurisdiction over Reynolds's defamation claim and will dismiss the claim without prejudice.[9]

---

[8] A district court should generally provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). In particular, the court notes that "in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007).

In addition, the court recognizes that "'[w]hen a § 1983 claim is dismissed under *Heck*, the dismissal should be without prejudice.'" *Brown v. City of Philadelphia*, 339 F. App'x 143, 145-46 (3d Cir. 2009) (quoting *Fottler v. United States*, 73 F.3d 1064, 1065-66 (10th Cir. 1996)).

[9] The court notes that while not raised by the defendants, this cause of action appears to have a significant statute of limitations issue. Pennsylvania has a one-year statute of limitations on defamation claims. *See* 42 Pa. C.S. § 5523(1). The statute begins to run at the time the defamatory statement is published. *See Oldroyd v. Assoc. Consumer Discount Co./PA*, 863 F. Supp. 237, 242 (E.D. Pa. 1994). While Reynolds does not allege the precise dates that Corporal Aston made the allegedly defamatory statements, it seems inconceivable that he did so at any point after Reynolds's guilty plea on May 30, 2017. Thus, it would appear that this action, filed one year and one

9

### III.    CONCLUSION

As Reynolds's claims for false arrest and false imprisonment, if ultimately successful, will necessarily imply the invalidity of his conviction for simple assault, *Heck* bars these claims. In addition, the court declines to exercise supplemental jurisdiction over the remaining state-law defamation claim.

The court will issue a separate order.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

day after Reynolds's guilty plea, would be outside the one-year statute of limitations. Nonetheless, the court is dismissing this claim without prejudice to Reynolds's right to refile the claim in state court as permitted under the applicable statute of limitations (should any of the statements have occurred within the one-year period) or within 30 days of this dismissal of the claims if the statute of limitations has elapsed as provided under 28 U.S.C. § 1367(d).

The court also notes for Reynolds's purposes that as noted by the defendants, truth is an absolute defense to a defamation claim. *See Am. Future Sys., Inc. v. Better Bus. Bureau of E. Pa.*, 923 A.2d 389, 396 (Pa. 2007). It would appear that if the alleged defamatory statement involves Corporal Aston stating that Reynolds assaulted Garvey, Reynolds's guilty plea to simple assault would establish the truth of that statement.